25 C.C.P.A.(Patents)

## In re ARNESS.
### Patent Appeals No. 3934.

Court of Customs and Patent Appeals.
March 28, 1938.

John Howard Joynt, of Washington, D. C., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner rejecting all of the claims of appellant's application, numbered 1, and 5 to 15, inclusive. Before hearing of argument in the case, appellant filed a motion to dismiss the appeal as to all claims except claims 1, 9, and 13. This motion will be granted, leaving for consideration by us said claims 1, 9, and 13. Of these claims, claims 1 and 9 are illustrative and read as follows:

"1. In a composition of matter of the class described, a rustless alloy iron of inherently fine grain structure and substantially free from decarburization and grain growth, containing as essential ingredients approximately 10 per cent to 30 per cent chromium, .06 per cent to .10 per cent carbon, with nitrogen in an amount greater than .07 per cent but less than .20 per cent, and the balance substantially iron.

"9. In a composition of matter of the class described, a rustless alloy iron of inherently fine grain structure and substantially free from decarburization and grain growth, containing as essential ingredients about 17 per cent chromium, about .10 per cent carbon, about .09 per cent nitrogen, and the balance substantially iron."

The references relied upon are: Franks, 1,990,589, February 12, 1935; Journal of Iron & Steel Institute, No. II, 1926, page 120.

As will be observed from the claims above quoted, appellant's application relates to a rustless alloy iron, and the nature of his alleged invention is sufficiently set forth in said claims.

The patent to Franks relates to alloy steels referred to in the specification as "chromium steels"; the steels with which the reference deals contain chromium in amounts varying from 15 per cent. to 35 per cent., carbon ranging from .1 per cent. to 2 per cent., and nitrogen ranging from .2 per cent. to .65 per cent. While the specification relates specifically to the use of nitrogen contents of .2 per cent. and higher, it is also stated therein that:

"According to my invention, some benefit may be had by the use of a nitrogen content somewhat less than 0.2%, but it is preferable that the nitrogen content be at least this value. * * *"

The specification further states:

"* * * The beneficial effect of the added nitrogen is most marked in those steels containing less than about 1% of carbon, but continues to be appreciable when the carbon is raised as high as about 2%."

The publication, Journal of Iron & Steel Institute, was relied upon by the Examiner as showing that it is known that a high chromium, low carbon steel can be hardened by adding nitrogen.

It appears from the record that applicant's application, as originally filed, called for a preferred nitrogen range of .09 to .2 per cent. Applicant was in interference with the Franks application upon the following count:

"A ferrous alloy comprising about 18% to 30% chromium, .1% to .3% carbon, .2% to .5% nitrogen, and the balance substantially all iron; said alloy having throughout substantially the same concentration of nitrogen."

This interference resulted in an award of priority to Franks.

On August 28, 1935, appellant amended his application to state the nitrogen content as greater than .07 per cent. and less than .2 per cent. The lower limit of Franks, as claimed by him, is .2 per cent. or "about 0.2%."

The Examiner held that the difference between appellant's disclosure and that of the Franks reference was in the nitrogen content, and held that this difference was one of degree only. He accordingly rejected the claims on the reference Franks.

This decision of the Examiner was affirmed by the Board on substantially the same ground, and from such decision of the Board appellant took this appeal.

The Board of Appeals in its decision states:

"Taking the disclosure and claims as a whole, the essence of the invention resides essentially in using .09–.2% of nitrogen for improving the grain structure of iron alloys containing less than .1% of carbon and 10–30% of chromium.

"The Franks patent discloses .1% of carbon, whereas applicant claims a smaller amount in some of his claims. The Franks patent discloses somewhat less than .2% of nitrogen whereas applicant claims nitrogen less than .2% and more than .07%. Under the circumstances it does not appear to us that the .09% figure for nitrogen of claim 9 is more than a mere matter of selection.

"The examiner has rejected the claims as unpatentable over the Franks patent and

calls attention to the fact that the Franks disclosure overlaps applicant's claims as to the percentages of chromium and carbon, and as to the nitrogen, the examiner states that the difference in this respect is only a matter of degree. Frank states on page 1, line 39, that somewhat less than .2% of nitrogen may be contained in the alloy."

We are in agreement with the conclusion of the Patent Office tribunals that the differences between the alloys claimed here and the alloys disclosed in the Franks patent are only matters of degree, and not of kind, and therefore the claims before us are not patentable.

Appellant's application, as originally filed, disclosed alloys ranging from 10 per cent. to 30 per cent. chromium, .06 per cent. to .1 per cent. carbon, and .09 per cent. to .2 per cent. nitrogen.

The disclosure of the Franks patent clearly overlaps the original disclosure of appellant's application as to each of the elements claimed by appellant. The overlapping of the chromium element is very substantial; the lowest percentages of the carbon and nitrogen elements in Franks include the highest percentages in appellant's application. While it is true that the percentages of nitrogen disclosed and claimed by appellant in his application as amended include percentages much lower than disclosed by Franks, it does not appear that such lower percentages are critical, resulting in alloys different in kind than the alloy disclosed by Franks.

It is well established that, where proportions of ingredients of a composition are concerned, such composition is not patentable over different proportions disclosed in the prior art unless such changed proportions are critical as compared with the proportions disclosed in the prior art, producing a difference in kind rather than degree. In re Richter, 53 F.2d 525, 19 C.C.P.A., Patents, 756.

While it is true that appellant amended his application by specifying that the percentage of nitrogen employed is less than .2 per cent., it is also true that Franks states that, "According to my invention, some benefit may be had by the use of a nitrogen content somewhat less than 0.2%. * * *" Moreover, it does not appear that a percentage of less than .2 per cent. of nitrogen in appellant's al-

loy is critical, but, on the contrary, appellant's counsel in his brief states:

"With respect to the teachings of the Franks patent certainly appellant may amend his claims by changing the upper limit of nitrogen content from .2 per cent to less than .2 per cent in order to avoid a conflict in terms. By Rule 68 of the Rules of Practice in the United States Patent Office, an applicant is given the right to amend his application. The amendment here does not bring new matter into the case. No objection is had on this point. It is by no means clear to your appellant why the Board of Appeals, in its opinion, took occasion to particularly point out these matters. Especially, it is not clear how the Board from these facts deduced that there is nothing patentable in the case. Most certainly the minor character of the amendment, to avoid a conflict in terms, cannot support the conclusion that a difference in nitrogen content is wholly immaterial and but a matter of degree."

We think the foregoing is a frank statement of the reason for appellant's amendment of his application. It is an admission that a nitrogen percentage of less than .2 per cent. is not critical, and the only purpose in claiming less than .2 per cent. of nitrogen was to avoid a conflict with the claims of the Franks patent, all of which claims call for a nitrogen percentage of "about 0.2%" or "0.2%."

That Franks did not regard a nitrogen percentage of 0.2 per cent. as critical is shown by the fact that the patent states that some benefit may be had by the use of a nitrogen content somewhat less than .2 per cent., but that he prefers that the alloy should contain at least .2 per cent. of nitrogen.

It is true that Franks does not specify the benefits to be obtained from using less than .2 per cent. of nitrogen, but we agree with the Board of Appeals that this fact is immaterial.

In the case of In re James, 83 F.2d 313, 315, 23 C.C.P.A., Patents, 1124, we said:

"The mere fact that appellant may have made certain disclosures as to properties not disclosed in the patent is not of itself sufficient to support an additional patent."

It is our opinion that the Board of Appeals rightfully held that the differences in nitrogen content between the alloys here claimed and those disclosed in the Franks patent are mere matters of degree, and for that reason the claims before us are not patentable.

The motion of appellant to dismiss the appeal as to all claims except claims 1, 9, and 13 is granted; and as to said last-named claims the decision of the Board of Appeals is affirmed.

Affirmed.